## Case No. 5,109.

### FRESE et al. v. BACHOF.

[13 Blatchf. 234; [1] Cox. Manual Trade-Mark Cas. 273.]

Circuit Court, S. D. New York. Jan. 10, 1876.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reprinted by permission.]

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Arthur v. Briesen, for plaintiffs.
Edwin M. Wight, for defendant.

JOHNSON, Circuit Judge. The plaintiffs have been, for a long time, accustomed to put up and sell a medical preparation known as "Hamburg tea," and have used, in connection with it, as a trade-mark, the words "J. C. Frese & Co., Hopfensack, 6, Hamburg," in an oval, applying it more commonly on a white label, in raised characters. I consider that their right to the use of this trade-mark, to distinguish the Hamburg tea sold by them, is established. It is shown that the defendant did, at one time, sell his article of Hamburg tea in packages, with a label containing the name of "J. C. Frese & Co.," and also with another white label bearing a strong general resemblance to the white label of the plaintiffs. Although he claims to have discontinued the use of these labels, he has, nevertheless, rendered himself liable to an injunction in that respect.

The plaintiffs, however, present a larger claim. This is to the color of the wrappers and notices and directions tied up with the wrappers, and also to the general size and appearance of the packages in which they have been accustomed to sell their Hamburg tea, independent of the trade-mark or label which has been already spoken of. The defendant's packets are of the same size as those of the plaintiffs; but this is because the quantity is what a purchaser usually desires. The general shape is the same; but this arises from the physical properties of the compound, which would most readily take that shape in being tied up for sale. The color of the envelopes, and of the printed notices and directions for use, tied up with the envelopes, is nearly the same, and might mislead, but for the printed or stamped label. Those on the plaintiffs' packets contain, in a plain round label, the words "J. C. Frese & Co.," and, embossed in an oval, on an oblong white label, the words "J. C. Frese & Co., Hopfensack, 6, Hamburg." The defendant's labels with equal distinctness, contain, in a round white label, the name "Ed. Bachof & Co.," and on an oblong white label, embossed in an oval, "Ed. Bachof & Co., No. 39, Hamburg." I am by no means clear, that, as the case stands, the plaintiffs have made out any appropriation to their own exclusive use of the colored wrappers and form of packages employed. On the contrary, in these particulars, I am inclined, upon the proofs, to the conclusion that both plaintiffs and defendant have employed the common method used in Germany for putting up medicinal teas. Nor do I find, nor have I been referred to, any case, in which, on such resemblances alone, apart from names or labels containing imitative matter, it has been held that an injunction would lie. These questions, however, it is not necessary, in this stage of the cause, to decide. To a preliminary injunction the plaintiffs are not, on this branch of the case, entitled. Neither party has any exclusive right in the article known as Hamburg tea, which appears to be a compound known in the German books of medicine; nor do the plaintiffs at present appear to have any special right in respect to the form, size and color of the packages, the labels upon which are sufficient to distinguish, even to a careless observer, the one from the other.

A preliminary injunction must issue against the defendant, restraining him from the use of the name of "J. C. Frese & Co.," and from that of the trade-mark, or label, "J. C. Frese & Co., Hopfensack, 6, Hamburg," on packages of Hamburg tea, and the residue of the injunction asked for is denied.